IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **RICHARD G. BENTON** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| VS. § | CIVIL ACTION NO. 6:19-cv-241JCM |
| § | |
| **WHITESELL-GREEN, INC.,** § | |
| **NEW ACTON MOBILE INDUSTRIES, LLC,** § | |
| **AND WILLIAMS SCOTSMAN, INC.** § | |
| § | |
| *Defendants.* § | |

**DEFENDANTS NEW ACTON MOBILE INDUSTRIES, LLC
AND WILLIAMS SCOTSMAN, INC.'S MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Defendants, New Acton Mobile Industries, LLC ("New Acton") and Williams Scotsman, Inc. ("WSI") (collectively "Defendants") and make and file this, their Combined Motion to Dismiss under *Federal Rule of Civil Procedure Rules* 12(c), and in support of which would respectfully show as follows:

**FACTS**

This suit arises out of an incident that occurred on or about May 7, 2018 when Plaintiff Richard Benton alleges he slipped and fell while exiting a trailer and injured himself. Plaintiff filed this lawsuit to recover for the alleged resulting injuries. At the time of the accident, Plaintiff alleges he was an invitee on Defendant Whitesell-Green's premises. Plaintiff alleges he entered Defendant's premises in response to Defendant's invitation and for their mutual benefit. While at the location, Plaintiff alleges he tripped and fell while walking through an egress door which had an eight and a half inch drop off on the exterior side of the door. Plaintiff alleges the egress door

was in violation of the NFPA 101 Life Safety Code and International Building Code Egress Standards, which Plaintiff alleges states that both surfaces on each side of all egress doors must be at the same elevation.

Plaintiff alleges that Defendant Whitesell-Green, Inc. ("Whitesell-Green") was renting the premises at 21000 Block Barracks Renovation Project at the corner of Old Ironside and 56th Street in Fort Hood, Texas. Plaintiff alleges that Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc. owned the portable building/trailer at 21000 Block Barracks Renovation Project at the corner of Old Ironside and 56th Street in Fort Hood, Texas and had leased the portable building/trailer to Defendant Whitesell-Green. Plaintiff alleges that L & I Transport, LLC delivered and set up the building and steps that Plaintiff fell on.

## ARGUMENTS AND AUTHORITIES

### A.   Standard for Dismissal Under Rule 12(c)

A district court reviews a Rule 12(c) motion for judgment on the pleadings under the same standard as a motion to dismiss for failure to state a claim. *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). Under *Federal Rule of Civil Procedure* 12(b)(6), a federal court is authorized to dismiss a complaint that fails "to state a claim upon which relief can be granted." A court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A Court need not, however, "accept as true a legal conclusion couched as factual allegation" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Naked

"the-defendant-unlawfully-harmed-me accusations," devoid of factual enhancement, are insufficient to survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).

Rather, the plaintiff must plead specific facts to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to" demonstrate that he has a "claim to relief that is **plausible on its face.**" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). The Supreme Court has made clear this plausibility standard is not a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, at 678 (2009). The plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level, . . . ." *Id,* and *Twombly,* 550 U.S. at 545. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

**B.     Plaintiff Fails to State a General Negligence Claim Against New Acton or WSI**

Under Texas law, which applies in this diversity case, a person injured on another's property may have either a negligence claim or a premises-liability claim against the property owner. *Occidental Chem. Corp. v. Jenkins,* 478 S.W.3d 640, 644 (Tex. 2016). When the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply. *Id.* When the injury is the result of the property's condition rather than an activity, premises-liability principles apply. *Id.* The Texas Supreme Court has held that, under Texas law, negligence and premises liability are distinct and independent theories of recovery

and are not interchangeable. *See United Scaffolding, Inc. v. Levine,* 537 S.W.3d 463, 471 (Tex. 2017).

"[A] negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory based on the owner's failure to take measures to make the property safe." *Sampson v. Univ. of Tex. at Austin,* 500 S.W.3d 380, 388 (Tex. 2016) (citing *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 776 (Tex. 2010)). When distinguishing between a negligent activity and a premises defect, the Texas Supreme Court has focused on whether the injury occurred by or as a contemporaneous result of the activity itself, which constitutes a negligent activity claim and follows general negligence principles, or rather by a condition created by the activity, which must be pled as a premises defect. *See id.* The Texas Supreme Court has consistently treated slip/trip-and-fall cases as premises defects. *See id.* at 386.

Creative pleading cannot change the nature of a claim. *See Levine,* 537 S.W.3d at 480 (citing *Sampson*, 500 S.W.3d at 386). "[I]f a claim is properly determined to be one for premises defect, a plaintiff cannot circumvent the true nature of the claim by pleading it as general negligence." *Id.* Texas law does not permit recovery under a general negligence theory what the pleadings and evidence show to be a premises defect. *Id.*

Plaintiff has alleged general negligence claims against New Acton and WSI. Plaintiff claims he was injured because the stairs connected to the portable building/trailer located on property leased by Defendant Whitesell-Green allegedly were not level with the door. The plain language of Plaintiff's complaint alleges injury caused by the condition of property, not by any contemporaneous activity of Defendants. Furthermore, Plaintiff has failed to allege any contemporaneous activity by Defendants. Plaintiff cannot circumvent the true nature of his

claim, which complains of the condition of property, by pleading it as general negligence. As a result, Plaintiff's negligence claims against New Action and WSI should be dismissed.

### C.     Plaintiff Fails to State a Premises Defect Claim Against Defendants.

Plaintiff has pled injury as the result of a condition of real property, which must be pled as a premises defect under Texas law. To establish a claim for premises defect, the Plaintiff must show: "(1) that [the defendant] had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to [the plaintiff]; (3) that [the defendant] did not exercise reasonable care to reduce or to eliminate the risk; and (4) that [the defendant's] failure to use such care proximately caused [the plaintiff's] personal injuries." *Levine,* 537 S.W.3d at 472. In addition, a plaintiff seeking recovery for a premises defect must establish a defendant's ownership or control of the premises where the plaintiff was injured. "[T]he duty to make the premises safe or warn of dangerous conditions 'generally runs with the ownership or control of the property,' and a defendant's liability under a premises liability theory rests on the defendant's assumption of control of the premises and responsibility for dangerous conditions on it." *Levine,* 537 S.W.3d at 472 (citing *Occidental,* 478 S.W.3d at 644).

Plaintiff has failed to allege a premises defect against Defendants New Action and WSI. Plaintiff has failed to allege facts establishing that Defendants New Action or WSI had control over the premises where Plaintiff was injured so as to impose a duty on said Defendants to make the premises safe or warn of the allegedly dangerous condition. In fact, Plaintiff's allegations establish the opposite. Plaintiff's Second Amendment Complaint state that it was Defendant Whitesell-Green that had leased the premises where Plaintiff was injured, not New Acton or WSI. Plaintiff alleges Defendants New Action and WSI owned the portable building/trailer and stairs located on the premises, but, as set forth in Plaintiff's Second Amended Complaint, both

had been leased to Defendant Whitesell-Green. Plaintiff has not pled any facts showing that New Acton or WSI exercised any control over the premises where Plaintiff was allegedly injured. As a result, Plaintiff's pleadings do not establish requisite control of the premises so as to impose a duty on Defendants New Acton or WSI to make the premises safe.

Additionally, Plaintiff's pleadings fail to plead facts showing that either New Acton or WSI had actual or constructive knowledge of the allegedly dangerous condition. Plaintiff acknowledges that it was L&I Transport that actually delivered the portable building/trailer and stairs to the premises and set them up, not New Acton or WSI. Plaintiff claims it was the placement of the stairs relative to the portable building/trailer that created the allegedly dangerous condition, a condition created by L&I Transport and not New Acton or WSI. Furthermore, because neither New Acton or WSI owned or controlled the premises where the portable building/trailer and stairs were located, nor were they ever present at the location of the alleged incident, they could not have had actual or constructive knowledge of the allegedly dangerous condition. Even if New Action or WSI had such knowledge, because neither New Acton nor WSI owned or controlled the premises, they could not have corrected the problem or even warned Plaintiff of the allegedly defective condition. *See Allen Keller Co. v. Foreman,* 343 S.W.3d 420, 426 (Tex. 2011) ("[Defendant] did not own the property or the highway right-of-way, and was not in a position to erect permanent signs or other devices to warn the public of the [dangerous condition]").

Plaintiff's pleadings fail to state a claim for premises defect against Defendants New Acton and WSI. Plaintiff must plead specific facts establishing he has "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Instead, Plaintiff at best only makes conclusory allegations that merely restate the elements of his cause

of action. The only specific facts pled by Plaintiff actually affirmatively negate at least two of the essential elements of a premises defect claim as to Defendants New Acton and WSI. As a result, Plaintiff's claims for premises defect against Defendant New Acton and WSI should be dismissed with prejudice.

### D. Plaintiff's Claims Against New Acton and WSI Should Be Dismissed with Prejudice Without an Opportunity to Replead

Plaintiff's claims against New Acton and WSI should be dismissed with prejudice without additional opportunities for Plaintiff to amend. A district court may dismiss a plaintiff's claims with prejudice without offering an opportunity to amend if it finds that the plaintiff has already had sufficient opportunity to plead his claims or if such opportunity to amend would be futile. *See, e.g., Wiggins v. La. State Univ.-Health Care Servs. Div.,* 710 F. App'x 625, 627 (5th Cir. 2017); *Borjas v. 1 W. Bank,* No. A-12-CA-473-SS, 2012 U.S. Dist. LEXIS 193285, at *8 (W.D. Tex. Nov. 20, 2012). The factual allegations in Plaintiff's Second Amended Complaint affirmatively establish that Plaintiff's claims lie in premises defect and not negligent activity, and as a result Plaintiff's claims for general negligence against Defendants New Acton and WSI should be dismissed without opportunity to amend since any such attempt would be futile. Plaintiff cannot change the nature of his claim by creative pleadings. *See United Scaffolding, Inc. v. Levine,* 537 S.W.3d 463, 480 (Tex. 2017).

Additionally, this Court should dismiss Plaintiff's premises liability claims against Defendants New Acton and WSI with prejudice and without opportunity to amend because Plaintiff has already had ample opportunity to amend such claims and any further attempt to amend would similarly be futile. Defendants have filed this Motion to Dismiss against Plaintiff's Second Amended Complaint. This Court has already granted L&I Transport's Motion to Dismiss on a similar basis as this Motion, and despite that order, Plaintiff has still failed to correct these

very same defects in his pleadings. Moreover, Plaintiff's pleadings affirmatively negate at least two of the elements of premises defect against Defendants New Acton and WSI, and as a result, any attempt to amend would be futile. Defendants New Acton and WSI's Motion to Dismiss should be granted and all of Plaintiff's claims against Defendants New Acton and WSI should be dismissed with prejudice.

**WHEREFORE, PREMISES CONSIDERED,** Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc. request that the Court dismiss with prejudice all of Plaintiff's claims against said Defendants, and that Defendants be granted such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

_____
Neal E. Pirkle
State Bar No. 00794464
Justus M. Lindsey
State Bar No. 24104183
of
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P. O. Box 1470
Waco, Texas  76703-1470
(254) 755-4100
FAX (254) 754-6331
pirkle@namanhowell.com

ATTORNEYS FOR DEFENDANTS
NEW ACTON MOBILE INDUSTRIES, LLC and
WILLIAMS SCOTSMAN, INC.

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the above and foregoing Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc.'s Motion for Leave to Designate Responsible Third Party has been served on all counsel of record on this the 11th day of November, 2019.

                                                _____
                                                Neal E. Pirkle