IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RICHARD G. BENTON | § |
| | § |
| | § |
| VS. | § CASE NO. 6:19-CV-00241 |
| | § |
| WHITESELL-GREEN, INC., | § |
| NEW ACTON MOBILE INDUSTRIES, LLC, | § |
| AND WILLIAMS SCOTSMAN, INC. | § |

### PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANTS NEW ACTON MOBILE INDUSTRIES, LLC AND WILLIAMS SCOTSMAN, INC.,'S MOTION TO DISMISS

Plaintiff, Richard G. Benton asks the Court to deny Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc.'s Motion to Dismiss Pursuant to *Federal Rule of Civil Procedure Rules* 12(c).

### A.  INTRODUCTION

1. Plaintiff is Richard G. Benton; Defendants are Whitesell-Green, Inc., New Acton Mobile Industries, LLC, and Williams Scotsman, Inc.

2. Plaintiff sued Defendants for causes of action for premises liability, injury from premises defect and general negligence as a result of an incident which occurred on or about May 7, 2018, in Bell County, Texas.

3. Defendants, New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. filed a Combined Motion to Dismiss under *Federal Rule of Civil Procedure Rules* 12(c).

4. Plaintiff files this response asking the Court to deny the defendants' motion.

5. In Plaintiff's Second Amended Original Complaint, Plaintiff alleged in Count 4 a claim for general negligence based on the fact that Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. were the general contractors that constructed the facility in question. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. had a duty to use ordinary care to ensure that the premises it constructed did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. breached those duties. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc.'s breach of duty proximately caused injury to Plaintiff. Additionally, Plaintiff would show that Defendants New Acton Mobile Industries,

LLC, and Williams Scotsman, Inc. incorrectly installed the exterior steps where Plaintiff was injured. The floors on both sides of all egress doors are supposed to be at the same height. The eight and a half inch drop off on the exterior side of the egress door on Defendants' premises directly created a danger to Plaintiff. Such actions proximately caused injury to Plaintiff.

## B. ARGUMENT

7. When considering defendant's motion to dismiss, a court must construe the factual allegations in the complaint in the light most favorable to the plaintiff. *Barker v. Riverside Cty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). If the complaint provides fair notice of the claim and the factual allegations are sufficient to show that the right to relief is plausible, a court should deny the defendant's motion. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 555-56; *Woods v. City of Greensboro*, 855 F.3d 639, 652-53 & n.9 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 558 (2017); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

8. In the complaint, plaintiff alleged a claim for general negligence in Count 4, and the elements are that Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. were the general contractors that constructed the facility in question. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. had a duty to use ordinary care to ensure that the premises it constructed did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. breached those duties. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc.'s breach of duty proximately caused injury to Plaintiff. Additionally, Plaintiff would show that Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. incorrectly installed the exterior steps where Plaintiff was injured. The floors on both sides of all egress doors are supposed to be at the same height. The eight and a half inch drop off on the exterior side of the egress door on Defendants' premises directly created a danger to Plaintiff. Such actions proximately caused injury to Plaintiff. The complaint provides defendant with fair notice of the claim.

9. In support of Plaintiff's claim for general negligence, Plaintiff made the following factual allegations for each element: Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. were the general contractors that constructed the facility in question. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. had a duty to use ordinary care to ensure that the premises it constructed did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. breached those duties. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc.'s breach of duty proximately caused injury to Plaintiff. These factual allegations show a right to

relief that is plausible. That is, when the factual allegations are assumed to be true, they show a right to relief that is more than mere speculation. *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009); *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211-12 (3d Cir. 2009); see *Iqbal,* 556 U.S. at 678-79; *Twombly,* 550 U.S. at 555-56; *Brooks,* 578 F.3d at 581. Plaintiff fell on the egress door of the trailer that Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. constructed. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. had a duty to use ordinary care to ensure that the premises it constructed did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc. breached those duties. Defendants New Acton Mobile Industries, LLC, and Williams Scotsman, Inc.'s breach of duty proximately caused injury to Plaintiff.

### D. CONCLUSION

10. Because Plaintiff's complaint when taken as a whole states a claim on which relief can be granted, the Court should deny Defendants' motion and retain the case on the Court's docket.

Respectfully submitted,

**LAW OFFICES OF BENNIE D. RUSH, PC**

*[signature]*

BENNIE D. RUSH
Attorney in charge
State Bar No. 17400425
Southern District No. 7902
1300 11th Street, Suite 300
Huntsville, Texas 77340
936/295-0700 Telephone
936/295-3330 Facsimile
ATTORNEY FOR PLAINTIFF
bennie@bdrushlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the __14th__ day of November, 2019, a true and correct copy of the above and foregoing was provided to all counsel of record either by certified mail, postage prepaid, return receipt requested; and/or by Federal Express; and/or by facsimile transmission; and/or by hand delivery, in accordance with the Federal Rules of Civil Procedure, as follows:

Christine Kirchner
Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C.
1200 Smith Street, Suite 1400
Houston, Texas 77002
Facsimile: (713) 658-2553

Neal E. Pirkle
Naman, Howell, Smith & Lee, P.L.L.C.
400 Austin Avenue, Suite 800
Waco, Texas 76703
Facsimile: (254) 754-6331

_____
BENNIE D. RUSH