IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **RICHARD G. BENTON** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:19-cv-241JCM |
| | § | |
| **WHITESELL-GREEN, INC.,** | § | |
| **NEW ACTON MOBILE INDUSTRIES, LLC,** | § | |
| **AND WILLIAMS SCOTSMAN, INC.** | § | |
| | § | |
| *Defendants.* | § | |

### DEFENDANTS NEW ACTON MOBILE INDUSTRIES, LLC AND WILLIAMS SCOTSMAN, INC.'S REPLY TO MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COME Defendants, New Acton Mobile Industries, LLC ("New Acton") and Williams Scotsman, Inc. ("WSI") (collectively "Defendants") and make and file this, their Reply to their Combined Motion to Dismiss under *Federal Rule of Civil Procedure Rules* 12(c), and in support of which would respectfully show as follows:

### ARGUMENTS AND AUTHORITIES

Plaintiff has only pled two causes of action against the moving Defendants, negligence and premise liability. As an initial matter, in his Response Plaintiff only contests Defendants New Acton and WSI's Motion to Dismiss Plaintiff's general negligence claims. Plaintiff does not attempt to refute Defendants' Motion to Dismiss his premises defect claims, and as a result Plaintiff's claims against Defendants New Action and WSI for premises defect should be dismissed for the reasons and authorities set forth in Defendants' Motion to Dismiss.

Second, in his Response, Plaintiff fails to establish a viable case for general negligence under Texas law. Once again, Plaintiff makes no attempt to even address the arguments and authorities raised in Defendants' Motion to Dismiss or cite any case law in support of his own theories against New Acton and WSI. The Texas Supreme Court has made clear that negligence and premises liability are distinct and independent theories of recovery and are not interchangeable. *See United Scaffolding, Inc. v. Levine,* 537 S.W.3d 463, 471 (Tex. 2017). A plaintiff cannot circumvent the true nature of a premises defect claim by pleading it as general negligence. *See id.* at 480. Texas law does not allow recovery under general negligence for claims that lie in premises defect. *See id.; Minjarez v. Wal-Mart Stores, Texas, LLC,* 363 F. Supp. 3d 763, 772–73 (W.D. Tex. 2019). The Texas Supreme Court has consistently treated slip/trip-and-fall cases like the Plaintiff's as premises defects. *See Sampson v. Univ. of Tex. at Austin,* 500 S.W.3d 380, 388. (Tex. 2016).

Plaintiff claims he tripped and fell as a result of a condition of the premises owned by Defendant Whitesell-Green. *See* Pl.'s Second Am. Compl., Doc. # 15, at ¶ 13. This is a claim for premises defect under Texas law. Plaintiff cannot change or circumvent the true nature of his claims by creative pleading. *See Levine,* 537 S.W.3d at 480. Plaintiff's only allegation against Defendants New Acton and WSI is that they leased the mobile home/trailer and steps to Defendant Whitesell-Green. Plaintiff fails to allege any facts showing that either New Acton or WSI owned or controlled the premises at the time of the incident. To the contrary, Plaintiff's own pleadings establish that it was Defendant Whitesell-Green that "owned, operated, possess and/or maintained" the premises and that L&I Transport was the party that actually delivered and set up the building/trailer and steps on the premises. *See* Pl.'s Second Am. Compl., Doc. # 15, at ¶ 14, 17. There is further no factual allegation that New Acton or WSI invited Plaintiff on to the

premises or that New Acton or WSI had constructive or actual knowledge of the purported dangerous condition. Plaintiff's formulaic recitation of the elements of a premise liability claim or general negligence claim throughout his complaint, without any facts in support, will not suffice to plausibly state a claim for relief. *See Bell Atlantic Corp v. Twombly,* 550 U.S. 544, 555 (2007) (holding that the factual allegations in the complaint must be enough to raise a right to relief above the speculative level).

Plaintiff's claims against New Action and WSI are the same as those Plaintiff attempted to make against L&I Transport. This Court has rightfully rejected Plaintiff's claims for general negligence against L&I Transport and should do the same here. *See* Order Granting Def. Armando Munoz, DBA L&I Transport's Motion to Dismiss, Doc. #29. Despite being rejected once already in this very same lawsuit, Plaintiff has made no attempt to amend his pleadings and in fact makes the same unsupported and erroneous arguments in response to this Motion to Dismiss that he made in response to the prior Motion to Dismiss.

**WHEREFORE, PREMISES CONSIDERED,** for the reasons set forth herein and in Defendants New Acton and WSI's Motion to Dismiss and in this Court's prior order, Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc. request that the Court dismiss with prejudice all of Plaintiff's claims against said Defendants, and that Defendants be granted such other and further relief to which they may show themselves to be justly entitled.

Respectfully submitted,

_____
Neal E. Pirkle
State Bar No. 00794464
Justus M. Lindsey
State Bar No. 24104183
of
NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, Suite 800
P. O. Box 1470
Waco, Texas  76703-1470
(254) 755-4100
FAX (254) 754-6331
pirkle@namanhowell.com

ATTORNEYS FOR DEFENDANTS
NEW ACTON MOBILE INDUSTRIES, LLC and WILLIAMS SCOTSMAN, INC.

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the above and foregoing Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc.'s Reply to their Motion to Dismiss has been served on all counsel of record on this the 20th day of November, 2019.

_____
Neal E. Pirkle