IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| RICHARD G. BENTON, *Plaintiff,* | § § § | |
| v. | § § § | |
| WHITESELL-GREEN, INC., NEW ACTON MOBILE INDUSTRIES, LLC, AND WILLIAMS SCOTSMAN, INC., *Defendants.* | § § § § § § | CIVIL NO. 6:19-CV-00241-ADA-JCM |

## ORDER GRANTING DEFENDANTS NEW ACTON MOBILE INDUSTRIES, LLC AND WILLIAMS SCOTSMAN, INC.'S MOTION TO DISMISS

Before the Court is Defendants New Acton Mobile Industries, LLC ("New Acton") and Williams Scotsman, Inc.'s ("WSI") Combined Motion to Dismiss Plaintiff Richard G. Benton's Second Amended Original Complaint pursuant to Rule 12(c). ECF No. 31. Plaintiff filed a timely Response on November 14, 2019. ECF No. 32. Defendants New Acton and WSI filed a Reply on November 20, 2019. ECF No. 33. Plaintiff filed a sur-reply to Defendants' Reply absent leave of the Court on November 21, 2019. ECF No. 34. Pursuant to Local Rule CV–7(f)(1), the Court has sua sponte stricken Plaintiff's sur-reply. The Court has considered the Motion, all relevant filings, and the applicable law. For the reasons set forth below, the Court finds that Defendants' Motion should be **GRANTED**.

### I. Background

A. **Factual Background**

The factual background behind Plaintiff's claims are sparse and difficult for the Court to decipher. However, the Court will attempt to provide some background for this Order.

1

From what the Court can gather, the Plaintiff, a resident of North Carolina, was injured on or about May 7, 2018 in Bell County, Texas when he "tripped and fell while walking through an egress door" allegedly on Defendant Whitesell-Green, Inc.'s ("WGI") property. Pl.'s Second Am. Compl., ECF No. 15 at ¶ 9. According to the Plaintiff, he was an invitee on WGI's premises. *Id.* at ¶ 9. The "egress door" allegedly had an eight and a half inch drop off on the exterior side of the door. *Id.* Because the door was not at the same elevation on both sides of the door, Plaintiff contends the unlevel door was a condition on Defendants' premises that posed an unreasonable risk of harm. *Id.*

The Plaintiff claims that Defendants New Acton and WSI owned the premises in question and that WGI was renting the premises. *Id.* at ¶ 10–11. Additionally, the Plaintiff claims that New Acton and WSI were the general contractors that constructed the premises in question and installed the exterior steps where the Plaintiff was injured. *Id.* at ¶ 21–22. The Plaintiff alleges that Defendants New Acton and WSI had a duty to use ordinary care to ensure that the premises it constructed did not present a danger to the Plaintiff.[1] *Id.* at ¶ 21. According to the Plaintiff, New Acton and WSI breached this duty which "proximately caused injury to Plaintiff." *Id.* at ¶ 21. However, the Plaintiff also claims that "L & I Transport, LLC delivered and set up the trailer and steps that the Plaintiff fell on."[2] *Id.* at ¶ 17. Despite the unclear allegations of who constructed the steps, Plaintiff alleges that New Acton and WSI "incorrectly installed the exterior steps where Plaintiff was injured." *Id.* at ¶ 22. The Plaintiff alleges that "such actions proximately caused injury to Plaintiff." *Id.*

---

[1] The Plaintiff claims that this duty includes the duty to inspect and the duty to warn or to cure. *Id.* at ¶ 21.
[2] It is unclear from the facts pleaded by the Plaintiff who actually constructed the exterior steps that he fell on. The Plaintiff only mentions liability as to Defendants New Acton and WSI under Plaintiff's "Count 4 – New Acton Mobile Industries LLC and Williams Scotsman, Inc.'s Negligence" of his Second Amended Original Complaint which merely lists legal conclusions and recites the elements for a negligence cause of action. *Id.* at ¶ 21. There is no mention of New Acton or WSI in the facts section of the Plaintiff's Second Amended Original Complaint.

### B. Procedural Background

Plaintiff filed his Complaint on February 20, 2019 in the 169th Judicial District of Bell County, Texas. ECF No. 1 at Ex. B. Defendants Whitesell-Green, Inc. ("WGI"), New Acton Mobile Industries, LLC ("New Acton"), and Williams Scotsman, Inc. ("WSI") removed the case to this Court on April 2, 2019. ECF No. 1.

On July 2, 2019, Plaintiff sought leave from the Court to file Plaintiff's First Amended Original Complaint, which was granted on July 3, 2019. ECF No. 9, 10. On August 2, 2019 Plaintiff again sought leave from the Court to file Plaintiff's Second Amended Original Complaint, which was granted on August 13, 2019. ECF No. 14, 15. Defendants New Acton and WSI filed this Motion to Dismiss on November 11, 2019. ECF No. 31.

## II. Legal Standard

A motion for judgment on the pleadings under Rule 12(c) is subject to the same legal standard as a motion to dismiss under Rule 12(b)(6). *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008). Upon motion or sua sponte, a court may dismiss an action that fails to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts all well-pleaded facts as true, viewing them in the light most favorable to the nonmovant. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). However, a court need not blindly accept each and every allegation of fact; properly pleaded allegations of fact amount to more than just conclusory allegations or legal conclusions "masquerading as a factual conclusion." *Taylor v. Books A. Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive the motion to dismiss, a nonmovant must plead enough facts to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570. The court determines whether the plaintiff has stated both a legally cognizable and plausible claim; the court should not evaluate the plaintiff's likelihood of success. *Lone Star Fund V. (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678. The plausibility standard, unlike the "probability requirement," requires more than a sheer possibility that a defendant acted unlawfully. *Id.* The pleading standard announced in Rule 8(a)(2) does not require detailed factual allegations but demands greater specificity than an unadorned "the-defendant-unlawfully-harmed-me accusation." FED. R. CIV. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. Nor does a complaint comply with the standard if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. Evaluating the plausibility of a claim is a context-specific process that requires a court to draw on its experience and common sense. *Iqbal*, 556 U.S. at 663–64.

### III. Analysis

Defendants New Acton and WSI make two arguments in support of its Motion: (1) Plaintiff fails to state a general negligence claim;[3] and (2) Plaintiff fails to state a claim against

---

[3]New Acton and WSI argues that Plaintiff is trying to circumvent the true nature of a premises defect claim by pleading it as a general negligence claim. Def. Motion to Dismiss at 4–5. ECF No. 31; *See also Minjarez v. Wal-Mart Stores, Texas, LLC,* 363 F. Supp. 3d 763, 772–73 (W.D. Tex. 2019) ("[A] plaintiff must proceed under a theory of premises liability where his or her claim concerns the condition of the premises rather than

New Acton and WSI arising from a premises defect. In light of the applicable legal standard, both of the arguments provide a basis for dismissal of Plaintiff's claims. Each argument will be discussed in turn.

### A. Plaintiff Fails to State a General Negligence Claim Against New Acton and WSI

To prevail on a claim for negligence under Texas law, the Plaintiff must prove: (1) a legal duty owed by New Acton and WSI to Plaintiff; (2) a breach of that duty; and (3) damages to Plaintiff caused by that breach. *See Ford v. Cimarron Ins. Co., Inc.*, 230 F.3d 828, 830 (5th Cir. 2000). In evaluating the sufficiency of Plaintiff's complaint, the Court will use the two-step approach outlined in *Iqbal.* 556 U.S. at 678–79.

First, the Court must identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of the truth. *Iqbal*, 556 U.S. at 678–79. "Legal conclusions . . . must be supported by factual allegations; bald accusations or recital of legal elements are insufficient without facts." *Id.* In this case, Plaintiff alleges two facts to support his general negligence claim against New Acton and WSI. Pl.'s Second Am. Compl. ECF No. 15, at ¶ 21–22. The first alleged fact states that "Defendants New Acton Mobile Industries LLC and Williams Scotsman, Inc. were the general contractors that constructed the facility in question." *Id.* at ¶ 21. The second alleged fact states that "Defendants New Acton Mobile Industries LLC, and Williams Scotsman, Inc. incorrectly installed the exterior steps where Plaintiff was injured." *Id.* at ¶ 22. These two sentences concern the only factual allegations against New Acton and WSI and cannot provide the basis for all the required elements for a claim of general negligence. Therefore, under the first step annunciated in Iqbal, Plaintiff's bald accusations and recitals of legal elements are not entitled to the assumption of the truth. *Iqbal,* 556 U.S. at 678.

---

contemporaneous negligent acts. A case arising under a theory of premises liability cannot support the plaintiff's recovery under a theory of general negligence."). However, even if Plaintiff can bring a general negligence claim, Plaintiff still fails to state a plausible claim under general negligence or a premise defect theory.

However, even if the Court gives the benefit of the doubt to the Plaintiff, Plaintiff's general negligence claim against Defendant still fails under the second step of the *Iqbal* sufficiency analysis. Under the second step, the Court must consider whether the factual allegations that have been asserted in the complaint plausibly suggest an entitlement to relief. *Iqbal*, 556 U.S. at 678. In other words, a claim has "facial plausibility" if the plaintiff pleads enough factual content to allow the court to draw the reasonable inference that the defendant is liable for the wrongdoing. *Id.* In this case, the Plaintiff fails to plead enough factual substance to allow the Court to make a reasonable inference that New Acton and WSI are liable under a general negligence theory.

The only allegation put forth by Plaintiff is that New Acton and WSI were the general contractors that constructed the facility in question and incorrectly installed the exterior steps. Pl.'s Second Am. Compl. at ¶ 21–22. The Plaintiff fails to provide when these steps were allegedly installed and also claims that a separate party in this case "delivered and set up the trailer and steps that Plaintiff fell on." *Id.* at ¶ 17. Plaintiff fails to allege any facts demonstrating New Acton and WSI had a duty to him, a breach of that duty, or that Plaintiff was injured as a result of that breach of duty.[4] There is no allegation that New Acton or WSI invited Plaintiff on to the premises or that New Acton or WSI had constructive or actual knowledge of the purported dangerous condition. In short, Plaintiff's factual allegations are not enough to raise a "right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Therefore, dismissal pursuant to Federal Rule 12(c) is appropriate.

---

[4]Plaintiff merely claims that New Acton and WSI had a duty to him without providing any factual basis to show such a duty. Rather, the Plaintiff lists out the elements of a general negligence claim without any factual substance to support such elements. *See* Pl.'s Second Am. Compl. at ¶ 21.

### B. Plaintiff Fails to State a Premises Defect Claim

Plaintiff also fails to state a claim against New Acton and WSI arising from a premises defect. A cause of action for a premises defect exists where a person is injured as a result of the condition of the premises. *See W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex. 2005). To establish a claim for premises defect under Texas law, the Plaintiff must show that: (1) New Acton or WSI had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm to the Plaintiff; (3) that New Acton or WSI did not exercise reasonable care to reduce or to eliminate the risk; and (4) that New Acton or WSI's failure to use such care proximately caused the Plaintiff's personal injuries. *See United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). As previously mentioned, Plaintiff fails to assert any factual allegations that New Acton or WSI had actual or constructive knowledge of the defect, controlled or occupied the premises, failed to exercise reasonable care to reduce or eliminate the risk, or that New Acton or WSI's failure to do so resulted in Plaintiff's alleged injuries.

Moreover, the only reference regarding the premises that Plaintiff makes to New Acton and WSI occurs under the section "Count 4 – New Acton Mobile Industries LLC and Williams Scotsman, Inc.'s Negligence."[5] Pl.'s Second Am. Compl. at 7. Thus, Plaintiff fails to address New Acton and WSI's wrongful conduct regarding a premises defect claim. Plaintiff's formulaic recitation of the elements of a premise liability claim throughout his complaint, without any facts in support, will not suffice to plausibly state a claim for relief. *Twombly*, 550 U.S. at 555

---

[5]The Plaintiff only refers to Defendant Whitesell-Green, Inc. ("WGI") in the section titled "Count 2 – Injury from Premises Defect." Pl.'s Second Am. Compl. ECF No. 15, at 4–6. The Plaintiff alleges that WGI owned, operated, possessed and/or maintained the building at the time of Plaintiffs injury. *Id.* at ¶ 14. Therefore, Plaintiff fails to allege facts establishing that New Acton or WSI had control over the premises where Plaintiff was injured so as to impose a duty on New Acton or WSI to make the premises safe or warn of the allegedly dangerous condition.

(holding that the factual allegations in the complaint must be enough to raise a right to relief above the speculative level). Therefore, dismissal of Plaintiff's complaint is appropriate.

## IV. Conclusion

Because of the reasons stated above, the Court finds that Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc.'s Motion to Dismiss Plaintiff Richard G. Benton's Second Amended Original Complaint pursuant to Rule 12(c) should be **GRANTED**, and all claims against Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc. are hereby **DISMISSED WITH PREJUDICE.** A Final Judgment regarding Defendants New Acton Mobile Industries, LLC and Williams Scotsman, Inc. will be issued in a separate Order.

**SIGNED** this 8th day of January 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE