IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **RICHARD G. BENTON,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. 6:19-CV-00241** |
| **WHITESELL-GREEN, INC.** | § | |
| *Defendants.* | § | |
| | § | |
| | § | |
| | § | |

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant's Motion for Summary Judgment (ECF No. 42), Plaintiff's Response (ECF No. 44), and Defendant's Reply (ECF No. 45). After having reviewed the parties' briefs, case file, and applicable law, the Court has determined that Defendant's Motion for Summary Judgment should be **GRANTED** for the following reasons.

## I.    BACKGROUND

### A.  Factual Background

The factual background behind Plaintiff's claims are sparse and difficult for the Court to decipher. However, the Court will attempt to provide some background for this Order.

From what the Court can gather, the Plaintiff, a resident of North Carolina, was injured on or about May 7, 2018 in Bell County, Texas when he "tripped and fell while walking through an egress door" allegedly on Defendant Whitesell-Green, Inc.'s ("WGI") property. Pl.'s Second Am. Compl., ECF No. 15 at ¶ 9. According to the Plaintiff, he was an invitee on WGI's premises. *Id.* at ¶ 9. The "egress door" allegedly had an eight and a half inch drop off on the exterior side of the door. *Id.* Because the door was not the same elevation on both sides of the

door, Plaintiff contends the unlevel door was a condition on Defendants' premises that posed an unreasonable risk of harm. *Id.*

The Plaintiff claims that Defendants New Acton Mobile Industries, LLC ("New Acton") and Williams Scotsman, Inc. ("WillScot")[1] owned the premises in question and that WGI was renting the premises. *Id.* at ¶ 10–11. Plaintiff alleges premises liability and general negligence against WGI.  Specifically, Plaintiff contends Defendant knew the eight-and-a-half-inch drop off was a dangerous condition of the property, that Plaintiff was unaware of the dangerous condition, that Defendant breached its duty of ordinary care by not adequately warning Plaintiff of the condition, and that Defendant's breach proximately caused Plaintiff's injuries. *Id.* at ¶ 14.

**B.  Procedural Background**

Plaintiff filed his Complaint on February 20, 2019 in the 169th Judicial District of Bell County, Texas. Pl.'s Resp., ECF No. 20, at ¶ 3. Defendants WGI, New Acton, and WillScot removed the case to this Court on April 2, 2019. ECF No. 1.

On July 2, 2019, Plaintiff sought leave from the Court to file Plaintiff's First Amended Original Complaint, which was granted on July 3, 2019. ECF No. 9, 10. On August 2, 2019, Plaintiff again sought leave from the Court to file Plaintiff's Second Amended Complaint, which was granted on August 13, 2019. ECF No. 14, 15. The Court granted Defendants New Acton and WillScot's Motion to Dismiss on January 8, 2020. ECF No. 39. Defendant WGI filed its Motion for Summary Judgment on May 1, 2020. ECF No. 42.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Tolan v. Cotton*, 134 S.Ct. 1861, 1866 (2014). A material fact is one that is likely to

---

[1] New Acton and WillScot are no longer defendants in this case. See ECF No. 29.

reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once presented, a court must view the movant's evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982). However, "[w]hen opposing parties tell two different stories, but one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380–81 (2007).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita*, 475 U.S. at 586. The non-moving party must demonstrate a genuinely disputed fact by citing to parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by showing that the materials cited by the movant do not establish the absence of a genuine dispute. FED. R. CIV. P. 56(C)(1)(A)–(B). "Conclusory allegations unsupported by concrete and particular facts

will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted. *See* FED. R. CIV. P. 56; *Matsushita*, 475 U.S. at 586.

## III.    ANALYSIS

As an initial matter, the Court must first rule on Defendant's objections to Plaintiff's summary judgment evidence. The Court also notes that Plaintiff did not file a response to Defendant's objections. First, Defendant objects to Plaintiff's use of an excerpt of the International Building Code. ECF No. 46 at 2. This objection is sustained as Plaintiff does not offer evidence to authenticate the document as required by Federal Rule of Evidence 901. The exhibit is a mere excerpt from the code without stating which volume it is taken from. Plaintiff also fails to provide evidence that the code relates to the present situation. Next, Defendant objects to Exhibit F, specifically, Plaintiff's assertion that he would not have fallen if the egress door had complied with the building code. *Id.* While Plaintiff is a certified OSHA 500 Safety Instructor and it could be viewed in his favor that he is knowledgeable enough of the building code to recognize a violation, he failed to disclose himself as an expert witness, which precludes him from offering his opinion as evidence. FED. R. CIV. P. 37(c). Because of Plaintiff's failure to disclose himself as an expert, Defendant's objection is sustained. Lastly, Defendant objects to Exhibit E of Marjean Benton's affidavit of which she states that Defendant knew of the dangerous condition. ECF No. 46 at 2. This objection is sustained as Plaintiff fails to create a foundation for the evidence or give facts to demonstrate that Marjean Benton has knowledge of Defendant's awareness.

Plaintiff alleges premises liability and general negligence against Defendant. ECF No. 15. Defendant argues it is entitled to summary judgment for two reasons: (1) Defendant alleges that Plaintiff failed to sufficiently plead general negligence and premises liability claims as separate theories of recovery; and (2) the condition on the premises was open and obvious to Plaintiff, thus precluding recovery as either a licensee or an invitee. ECF No. 42.

## A. General Negligence Claim

By being injured on Defendant's property, Plaintiff may have either a negligence claim or a premises liability claim against Defendant. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 470 (Tex. 2017). A plaintiff must show that the defendant held control of the premises, which can be demonstrated by "a contractual agreement." *Cohen v. Landry's Inc.*, 442 S.W.3d 818, 824 (Tex. App.—Houston [14th Dist.] 2014, pet. denied). Plaintiff asserts WGI possessed the property where Plaintiff's injury allegedly occurred because WGI rented the premises from WillScot and New Acton. ECF No. 15 at 5. Defendant does not dispute that it operated, controlled, or maintained the property where Plaintiff's injury allegedly occurred. ECF No. 45. Thus, Plaintiff is correct in asserting that Defendant controlled the premises at issue in this case.

Defendant's duty as controller of the property will subject it to liability for negligence in two situations: (1) those arising from a condition on the premises; and (2) those arising from a contemporaneous activity on the premises. *United Scaffolding, Inc.*, 537 S.W.3d at 470. Plaintiff's premises liability and general negligence claim are based on "[a] condition on [Defendant's] premises posed an unreasonable risk of harm." ECF No. 15 at ¶ 14, 17–20. However, the separate theories of recovery are not interchangeable and require Plaintiff to allege different elements. *United Scaffolding, Inc.*, 537 S.W.3d at 470.

In Plaintiff's claim, Plaintiff specifically and consistently alleges that it is the defective condition of the premises, namely the eight-and-a-half-inch drop between the egress door and the landing, that caused his injuries. ECF No. 15 at ¶ 14, 17–20. When the injury is the result of a condition of the property, rather than an activity, premises liability principles apply. *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016).

Texas law does not recognize premises liability and general negligence as synonymous theories of recovery. *United Scaffolding, Inc.*, 537 S.W.3d at 471. Plaintiff has alleged a premises liability claim based on the condition of the property, not a general negligence claim. Because Plaintiff has failed to raise a genuine issue of material fact as to the general negligence claim, WGI is entitled to summary judgment.

### B. Premises Liability Claim

In order to successfully prevail on a negligence claim, a plaintiff must prove three elements: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately caused by the breach. *Sanchez v. Swift Transp. Co. of Ariz.*, No. 4:15CV15-LG, 2017 WL 5654987, *1 (W.D. Tex. May 30, 2017). Injuries that result from conditions on the property must be considered under a theory of premises liability. *United Scaffolding Inc.*, 537 S.W.3d at 470. Plaintiff has alleged that a condition of the property, the eight-and-a-half-inch drop between the egress door and the landing, caused the injury. ECF No. 15 at ¶ 14.

To determine the duty owed to the Plaintiff, the Court must first determine the status of the Plaintiff on the land as either an invitee, a licensee, or a trespasser. *United Scaffolding, Inc.*, 537 S.W.3d at 470. Plaintiff and Defendant agree that Plaintiff was not a trespasser on the property. ECF No. 15, ECF No. 42.

*(1) Licensee or Invitee Status*

Plaintiff attempts to invoke invitee status in his complaint by stating that he entered the property "in response to Defendant's invitation and for their mutual benefit." ECF No. 15 at 5. An invitee is an individual who enters the property of another "with the owner's knowledge and for the mutual benefit of both." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 202 (Tex. 2015). The classification of invitee focuses on if the claimant had "present business relations with the owner or possessor of land at the time of injury that would make the claimant's presence of mutual benefit." *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.— Houston [14th Dist.] 2009, no pet.).

Despite Plaintiff's claim, Defendant provides sufficient facts to the contrary and instead firmly points to Plaintiff as a licensee. ECF No. 42 at 13. A licensee "is on the premises only for his own purposes, not because of any business dealings with the owner." *Peerenboom v. HSP Foods, Inc.*, 910 S.W.2d 156, 163 (Tex. App.—Waco 1995, no writ). While employees working at their employers' premises are considered invitees, an employee may become a licensee when he or she remains on the premises off duty. *Id.* Additionally, employees may transition from invitees to licensees when they are engaging in an activity outside their scope of employment. *Austin*, 465 S.W.3d at 201 n.8. There is no dispute that Plaintiff was not acting within his scope of employment or during his shift. ECF No. 42-1 at 26; 33. In Plaintiff's testimony, he states that he did not work at that location where the injury occurred, he had completed his duties for the day, and it was after hours. *Id.* Furthermore, a licensee is on the premises "for the licensee's own convenience, or on business with someone other than the owner." *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no pet.). As Defendant points out, Plaintiff states he was on the premises solely for the business of another:

his wife. ECF No. 42-1 at 33. While an invitation by itself does not create invitee status, it is essential to gain the status. *Prestwood v. Taylor*, 728 S.W.2d 455, 463 (Tex. App.—Austin 1987, writ ref'd n.r.e.). Invitation differs from permission because an invitation is conduct that justifies others into believing the possessor desires them to enter the land. *Id*. Permission is conduct that shows others that the possessor is simply willing to allow the visitor to enter the premises. *Id*. Plaintiff states the only communication he had prior to going to the premises was to notify Defendant's Site Safety and Health Officer, Jim Steinke, that Plaintiff was coming to the premises to pick up his wife's belongings. ECF No. 42-3 at 4. Plaintiff's act of telling Defendant that he would be coming to the premises does not indicate an invitation by Defendant. Instead, it shows Plaintiff's desire to come onto the premises and Defendant's mere permission to allow it to occur. ECF No. 42-1 at 33; see *Prestwood*, 728 S.W.2d at 463. The Court finds that the Plaintiff was on the premises as a licensee for his personal benefit of retrieving his wife's belongings with mere permission by the owner, rather than receiving an express or implied invitation.

Because the Court finds that Plaintiff is a licensee, the duty owed to him requires that "a landowner not injure a licensee by willful, wanton, or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee *is not*." *Sampson v. Univ. of Texas at Austin*, 500 S.W.3d 380, 385 (Tex. 2016) (emphasis added). If the alleged dangerous condition is an open and obvious condition of the property, and the Plaintiff is aware of the defect, Texas law assumes that the licensee, not the property controller, is in the best position to ensure safety. *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003).

*(2) Landowner's Duty to Protect Against Unreasonable Dangers*

While a landowner has a duty to protect a licensee from unreasonably dangerous conditions, that duty does not encompass the duty to warn or make reasonably safe dangerous conditions known by the licensee. *Id*. A landowner does not have a duty to warn a licensee of an open and obvious condition on the property because it is assumed the licensee will take steps to keep himself safe. *Id*. An open and obvious condition is one that "any fool can plainly see." *Hernandez v. Wal-Mart Stores Texas, LLC*, 2017 WL 9291961, at *5 (W.D. Tex. 2017) (quoting *Goodson v. Southland Corp.*, 454 S.W.2d 823, 827) (Tex. App.—El Paso 1970, writ ref'd n.r.e.). The defendant does not owe a duty to protect plaintiff from "conditions that are perceptible to him, or the existence of which can be inferred from facts within his present or past knowledge." *Miller*, 102 S.W.3d at 709. Plaintiff acknowledged that he had walked through the egress door at least sixty times while working at the specific site where the injury occurred and numerous times after being relocated to a different site. ECF No. 42-1 at 75. Texas law has noted that "where a condition is open and obvious and where the injured party has been over it many times, then as a matter of law the injured party would not be heard to say that he did not know and realize the danger." *Dees v. Thomas*, No. 03-18-00372-CV, 2019 WL 2847438, at *5 (Tex. App.—Austin 2019, no pet.) (citing *Shurett v. Osborne*, 408 S.W.2d 740, 742 (Tex. App—Austin 1966, no writ.). Similar to here, the plaintiff in *Dees* complained that the height difference and "gaps in between the stairs/steps" caused her alleged injury. *Id*. The *Dees* court held the dangerous condition of the gap between the stairs was open and obvious as the plaintiff had used the stairs throughout the ten times she visited the premises. *Id*. In the current case, Plaintiff walked through the egress door over sixty times and no changes were made to the door. ECF No. 42-1 at 75.

Therefore, Plaintiff undeniably perceived the eight-and-a-half-inch drop of which he now complains.

Additionally, contrary to Plaintiff's claim that it is irrelevant whether Plaintiff was aware of the dangerous condition,[2] the awareness of the condition precludes recovery even if this Court determined Plaintiff to be an invitee. If an invitee is aware of a condition, "the condition will, in most[3] cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks." *Austin*, 465 S.W.3d at 203.

## IV.    CONCLUSION

Based on the foregoing, Defendant's Motion for Summary Judgment is **GRANTED** (ECF No. 42). The Court will enter Judgment in favor of Defendant Whitesell-Green, Inc. in accordance with this Order. Judgment will issue by separate document as required by Federal Rule of Civil Procedure 58.

**SIGNED** this 5th day of June, 2020.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[2] ECF No. 44 at 2.

[3] "Most cases" allows for two exceptions when an invitee is injured on a premises by an open and obvious condition. These exceptions are the Criminal Activity Exception and the Necessary Use Exception. Because Plaintiff has not pled either of these exceptions, the Court will not attempt to apply the exceptions either. *See Wallace v. ArcelorMittal Vinton, Inc.*, 536 S.W.3d 19, 25 (Tex. App.—El Paso 2016, pet. denied).